UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7298 PA (AFMx) | Date | October 11, 2022 |
|---|---|---|---|
| Title | Dr Kellyann LLC v. Nature's Godfather, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS—ORDER TO SHOW CAUSE

    According to the Complaint filed by plaintiff Dr Kellyann LLC ("Plaintiff"), Plaintiff markets and sells dietary and nutritional supplements nationwide, including in California, using the "BELLABIOTICS" mark and "DR. KELLYANN" and "DKA" house marks. The Complaint alleges that defendant Nature's Godfather, LLC ("Defendant"), doing business as Belle and Bella, manufactures and sells probiotic supplement products nationwide, under the "BELLE+BELLA" and "PROBIOLOGY BY BELLE+BELLA" marks. On September 6, 2022, Defendant's attorney sent a cease and desist letter to Plaintiff, stating that the parties' marks are likely to cause confusion, mistake, or deception. Plaintiff brought suit, seeking a declaratory judgment that Plaintiff's marks are not likely to cause confusion with those of Defendant.

    Plaintiff is a Delaware limited liability company with a place of business in Newark, California. Defendant is a Massachusetts limited liability company with a place of business in Lexington, Massachusetts. The Complaint alleges in conclusory fashion that "[v]enue is proper in this district . . . in that on information and belief: Plaintiff and Defendant conduct business in the State of California, including in this judicial district, and are subject to jurisdiction; DKA is a Delaware corporation with its place of business in Newark, California, and also having employees in this judicial district; the parties have sold and sell goods under their respective marks at issue in this action to customers in the State of California, including in this judicial district; and/or a substantial part of the events giving rise to the claims hereunder occurred in the State of California, including in this judicial district; and/or a substantial part of the property that is the subject of the action is situated in the State of California, including in this district." (Complaint ¶ 3.)

    Although the Complaint alleges facts that may support the exercise of personal jurisdiction over Defendants, it is unclear why this action was filed in a District in which neither party is located other than because Plaintiff retained counsel in the Central District of California ("Central District"). Because none of the parties reside in the Central District, and there are no allegations that any decisions concerning the parties' marks have any connection to the Central

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7298 PA (AFMx) | Date | October 11, 2022 |
|---|---|---|---|
| Title | Dr Kellyann LLC v. Nature's Godfather, LLC | | |

District, the Court orders the parties to show cause in writing why venue is proper in the Central District and why this action should not be dismissed or, in the alternative, transferred to the United States District Court for the District of Massachusetts (the "District of Massachusetts"), the United States District Court for the District of Delaware ("District of Delaware"), the United States District Court for the Northern District of California ("Northern District"), or another forum identified by the parties, for the convenience of the parties and witnesses, and in the interests of justice. See 28 U.S.C. §§ 1404, 1406. All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence.

To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

1. Whether this action could have been brought in the District of Massachusetts, the District of Delaware, or the Northern District;

2. Whether venue is appropriate in the District of Massachusetts, the District of Delaware, or the Northern District;

3. What contacts, if any, each of the parties has to the Central District, the District of Massachusetts, the District of Delaware, and the Northern District;

4. What connection Plaintiff's cause of action has to the Central District, the District of Massachusetts, the District of Delaware, and the Northern District;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the District of Massachusetts, the District of Delaware, and the Northern District;

7. The ease of access to sources of proof in each of the forums;

8. The expected difference in the cost of litigation in the Central District as compared to the District of Massachusetts, the District of Delaware, and the Northern District; and

9. Whether there are any alternative forums, other than the Central District, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7298 PA (AFMx) | Date | October 11, 2022 |
|---|---|---|---|
| Title | Dr Kellyann LLC v. Nature's Godfather, LLC | | |

District of Massachusetts, the District of Delaware, or the Northern District that would be more convenient for this action, keeping in mind the foregoing inquiries.

Plaintiff is ordered to personally serve a copy of this Order on any defendant that has already been served with the Complaint within three (3) court days of the date of this Order or at the time of service for any defendant that has not already been served. Plaintiff is ordered to file its Response to this Order no later than **October 21, 2022.** Defendant may file a Response no later than the latter of **October 31, 2022**, or 21 days after they are served with the Summons and Complaint. Failure to timely and adequately respond to this Order may result in the dismissal or transfer of this action without further warning.

IT IS SO ORDERED.